PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CITY OF CANTON, OHIO, ) | |
| ) | CASE NO. 5:17CV729 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| HYDRO-DYNE ENGINEERING, INC., ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |
| ) | [Resolving ECF No. 22 ] |

Pending before the Court is a Motion to Consolidate. ECF No. 22. The City of Canton, Ohio ("City" or "Canton"), and Shook Construction Company ("Shook") request the consolidation of *City of Canton, Ohio v. Hydro-Dyne Engineering,* Inc., 5:17CV729, as a related case to *Hydro-Dyne Engineering, Inc. v. Shook Construction Company*, 5:17CV1456, ECF No. 22 (Case No. 5:17CV729); ECF No. 6 (Case No. 5:17CV1456). For the reasons set forth below, the Motion to Consolidate (ECF No. 22), pursuant to Fed. R. Civ. P. 42(a), is denied.

## I. Background

On April 7, 2017, Defendant Hydro-Dyne Engineering, Inc. ("Hydro-Dyne") removed the instant action from the Stark County, Ohio Court of Common Pleas, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. ECF No. 1 (Case No. 5:17CV729). In *City of Canton, Ohio v. Hydro-Dyne Engineering, Inc.* (the "Canton Litigation"), Plaintiff asserts several claims against Defendant Hydro-Dyne for failure to properly design and manufacture equipment

(5:17CV729)

used in the upgrade and expansion of Plaintiff's Water Reclamation Facility Project. ECF No. 1-1 (Case No. 5:17CV729). Plaintiff's claims include allegations of: (1) breach of express warranty; (2) breach of implied warranty of fitness for a particular purpose; (3) breach of implied warranty in tort; (4) negligent misrepresentation; (5) promissory estoppel; and (6) breach of contract. *Id*.

While the *Canton Litigation* was pending before this Court, on July 11, 2017, Hydro-Dyne filed a complaint against Shook as Defendant. In that case, *Hydro-Dyne Engineering, Inc. v. Shook Construction Company* (the "Shook Litigation"), Plaintiff Hydro-Dyne alleges a single breach of contract claim against Defendant Shook for failure to pay for equipment and services Plaintiff Hydro-Dyne performed under their Purchase Agreement and Change Orders. ECF No. 1 (Case No. 5:17CV1456). The Shook Litigation is assigned to Judge John R. Adams.

Now, Plaintiff City of Canton, Ohio and Defendant Shook Construction Company, move for the consolidation[1] of the aforementioned cases, pursuant to Fed. R. Civ. P. 42(a). *See* ECF No. 22 (Case No. 5:17CV729); ECF No. 6 (Case No. 5:17CV1456). As explained below, the motion to consolidate is denied.

## II. Discussion

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost

---

[1] Technically, there can be no consolidation without the matters first being transferred to the docket of the same judge. Because the motion to consolidate is denied, the motion's failure to address transfer is not further discussed.

(5:17CV729)

or delay." Fed. R. Civ. P. 42(a). Consolidation of cases rests within the discretion of the trial court. Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1496 (11th Cir. 1985). In deciding whether to consolidate cases for trial, the district court considers the following factors: (1) whether the specific risk of prejudice and possible confusion are outweighed by the risk of inconsistent adjudication of common factual and legal issues; (2) the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as opposed to a single one; and (4) the relative expense to all parties of a single trial versus multiple trials. Cantrell, 999 F.2d at 1011.

"[C]onsolidation does not merge the suits into a single action, change the rights of parties, or make parties in one suit parties in the other." McCauley v. America's Pizza Co., LLC, 2017 WL 1787538, at *2 (S.D. Ohio May 5, 2017) (quoting Twaddle v. Diem, 200 F. App'x 435, 438 n.4 (6th Cir. 2006). "[I]t is the district court's responsibility to ensure that parties are not prejudiced by consolidation." Id. (quoting Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412–13 (6th Cir. 1998)).

The Court finds that consolidation is not appropriate. Although the cases arise out of the same underlying series of events, the legal issues asserted in the *Canton Litigation* are not present in the *Shook Litigation*. As Defendant Hydro-Dyne correctly points out, the two cases raise several differing legal questions: the *Canton Litigation* involves interpretation of the terms of, and obligations of the parties under the Purchase Agreement to a party not in privity of contract with Defendant Hydro-Dyne; the *Shook Litigation* requires the interpretation of the

3

(5:17CV729)

Purchase Agreement between the contracting parties, and asks whether there was a breach of contract. *See* ECF No. 23 at PageID#: 141 (Case No. 5:17CV729).

With these considerations in mind, the Court turns to the question of whether risks of prejudice and possible confusion are outweighed by the savings of litigants and judicial resources achieved by consolidation or the risk of inconsistent adjudications. *Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440–41 (S.D. Ohio 2015). "Factors that may cause prejudice and jury confusion include complex legal theories and factual proof." *Id*. at 441. "Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence." *Id*.

Because the cases at issue require resolution of differing legal issues, the adjudication of one case will not necessarily aid in the adjudication of the other. The *Canton Litigation* centers on the relationship of parties not in privity of contract and the functionality of industrial equipment. For the *Canton Litigation* alone, a jury will likely need to analyze the relationship between the parties, as well as technical evidence and expert testimony pertaining to machine functions. Conversely, the *Shook Litigation* deals with a breach of contract issue strictly between Plaintiff Hydro-Dyne and Defendant Shook, a non-party to the *Canton Litigation*. *See* ECF No. 23 at PageID#: 144 (Case No. 5:17CV729). In the *Shook Litigation*, a jury will likely be tasked with issues pertaining solely to whether "[Plaintiff] Hydro-Dyne had a contract with [Defendant] Shook . . . [,] provided goods pursuant to that contract," and Defendant Shook wrongfully withheld payment. *Id.* The consolidation of these cases, which require distinct factual and legal analysis, are likely to create juror confusion, and result in prejudice, delay, and unnecessary

4

(5:17CV729)

expense. Efficiency is best achieved by adjudicating the two cases separately. Accordingly, the Court denies the motion to consolidate *City of Canton, Ohio v. Hydro-Dyne Engineering, Inc.*, and *Hydro-Dyne Engineering, Inc. v. Shook Construction Company.*

### III. Conclusion

For the reasons set forth above, the Motion to Consolidate ([ECF No. 22](#)) is denied.

IT IS SO ORDERED.

 October 16, 2017                   */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                              United States District Judge